UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil No. 12-2909 (PJS/TNL)

David R. Myrland,

       Petitioner,  **REPORT AND RECOMMENDATION**

   v.

United States and
Scott P. Fisher, Warden

       Respondents.

___

David R. Myrland, *pro se*.

Pamela A. Marentette, Esq., Office of the United States Attorney, on behalf of Respondents.

___

TONY N. LEUNG, United States Magistrate Judge.

    This matter is before the undersigned United States Magistrate Judge on David R. Myrland's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the habeas petition be denied.

**I.   BACKGROUND**

    Petitioner David A. Myrland ("Myrland") is a federal inmate currently designated to the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone").

1

Declaration of Julie Groteboer ("Groteboer Decl.") ¶ 3, Attach. A, Public Information Data) [Doc. No. 6.] Myrland is serving a 40-month sentence, with three years of supervised release for Transmission of Threatening Interstate Communication, in violation of 18 U.S.C. § 875, imposed by the United States District Court, Western District of Washington. (*Id.*) Myrland's projected release date is December 20, 2013, via good conduct time release. (*Id.*)

On July 16, 2012, Heather Kensy, a case manager at FCI-Sandstone, reviewed Myrland's eligibility for Residential Reentry Center ("RRC")[1] placement under the Second Chance Act. (Decl. of Heather Kensy ("Kensy Decl. 1") ¶ 3, Attach. A, Review for Residential Reentry Center) [Doc. No. 7.] She recommended 90-120 days placement in a RRC. (*Id.* ¶ 9.) On November 8, 2012, Myrland filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet.) [Doc. No. 1.] He alleges Respondents failed to consider all necessary factors in the RRC placement determination, failed to consider his request for sentence reduction, and violated the Equal Protection Clause in making his RRC placement determination, in violation of 18 U.S.C. §§ 3621, 3582, and the Fifth and Fourteenth Amendments of the United States Constitution. (Pet. ¶¶ 2.6-2.12, 3.1.) Myrland requests declaratory relief, an order demanding compliance with 18 U.S.C. § 3621, and all relief available under 28 U.S.C. § 2241, including twelve-month placement in an RRC. (Pet. ¶¶ 3.1-3.4.)

Respondents contend Warden Scott Fisher, as Myrland's custodian, is the only proper respondent, and the United States should be dismissed as a party. (United States' Resp. to Pet. For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Resp.

---

[1] RRCs were formerly called community confinement centers and are also called halfway houses. *See Miller v. Whitehead*, 527 F.3d 752, 754 (8th Cir. 2008).

to Pet.") at 2-3.) Respondents also contend Myrland's petition should be dismissed for failure to exhaust administrative remedies. (*Id.* at 11-13.) Alternatively, Respondents argues the petition should be denied because Myrland's claims lack merit. (*Id.* at 13-23.)

## II. DISCUSSION

### A. Jurisdiction and the United States as a Party

Myrland styled his petition "Civil action for writ of habeas corpus and other relief" citing 28 U.S.C. §§ 2201, 2241. Jurisdiction exists under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "[C]hallenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000)). The Declaratory Judgment Act, 28 U.S.C. § 2201, "enlarges the range of remedies available in federal courts but does not confer jurisdiction." *Mhanna v. U.S. Dept. of Homeland Sec. Citizenship and Immigration Serv.*, Civil No. 10-292 (JRT/LIB) 2010 WL 5141803, at *20 (D. Minn. Dec. 13, 2010) (quoting *Patel v. Chertoff*, No. 4:06CV01207ERW, 2007 WL 1223553, at *2 (E.D. Mo. April 24, 2007)). The proper respondent in a § 2241 action is the petitioner's custodian. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Myrland filed a Motion to Strike, where he contends the United States is a proper party for review of an agency decision under the Administrative Procedure Act. ("APA") (Mot. to Strike Defs' Resp. to Compl. ("Mot. to Strike") ¶¶ 2.2, 2.4) [Doc. No. 13]. A

claim, however, may only be brought under the APA if there is no other adequate remedy in court. 5 U.S.C. § 704. Myrland's claim can be brought under § 2241. *See Stern v. Federal Bureau of Prisons*, 601 F.Supp.2d 303, 304 (D.D.C. 2009) (where claim could be brought in § 2241 habeas petition, relief was precluded under the APA). The United States is not a proper respondent; therefore, the Court recommends dismissing the United States.

### B. Administrative Remedies

An inmate who wishes to challenge an action of the BOP in a § 2241 petition must ordinarily first exhaust his administrative remedies. *Mathena v. U.S.*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). The exhaustion prerequisite is judicially created and is not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Therefore, a court may proceed to the merits of the petition without regard to exhaustion. (*Id.*) In determining whether to require exhaustion, courts should balance the interests of the individual in prompt access to a federal forum against the institutional interests favoring exhaustion. *Whentworth v. Fisher*, Civ. No. 10-2270 (JNE/JSM), 2011 WL 5077612, at *5 (D. Minn. Oct. 7, 2011).

The BOP has a three-tier administrative remedy program. 28 C.F.R. §§ 542.13-542.15. The inmate's first step is to attempt informal resolution of his grievance with staff, and if unsuccessful, file a formal grievance on form BP-9 with the Warden. *Id.* §§ 542.13(a), 542.14(a). The inmate's second step, if dissatisfied with the Warden's response, is to appeal to the appropriate Regional Director using form BP-10. *Id.* § 542.15(a). The inmate's third step, if dissatisfied with the Regional Director's response,

is to appeal to the General Counsel (Central Office) using form BP-11. *Id.* An inmate has exhausted his administrative remedies when the inmate receives a response from the Central Office or when the Central Office has exceeded its time to reply. *Id.* §§ 542.15(a), 542.18. The total response time through each level of review is 90 days. *Id.* § 542.18 (the Warden has twenty calendar days to respond, the Regional Director has thirty calendar days to respond, and the General Counsel has forty calendar days to respond).

Myrland asserts he commenced his administrative remedies but admits he did not exhaust his remedies because "they are too slow" to allow him to seek judicial relief for one year of RRC placement as of December 20, 2012. (Pet. ¶ 2.10.) Correctional Counselor Forest received Myrland's informal request for resolution and responded by providing him with a formal grievance form (BP-9) on October 31, 2012. (Pl's Reply to Opp. to Mot. to Strike, Ex. A) [Doc. No. 27-1]. Assuming Myrland did not learn of his RRC placement decision until October 2012, as he asserts, it is unlikely he would have exhausted his administrative remedies before December 20, 2012. He would have been unable to seek the full relief requested here. Therefore, the Court recommends waiving the exhaustion requirement. *See Tovey v. Cruz*, Civil No. 09-508 (PAM/RLE), 2010 WL 391336, at *8 (D. Minn. Jan. 25, 2010) (excusing failure to exhaust administrative remedies where it was already too late for prisoner to obtain the relief sought).

### C. Motion to Strike

Myrland filed a Motion to Strike the response to the habeas petition, with supporting documentation, alleging the response was dilatory, false and calculated to

mislead, and wasted resources. (Mot. to Strike at 1-2.) Moreover, the response failed to provide a legal or factual basis for relief. (*Id.*) Myrland explained that he requests habeas relief as an alternative to other relief available for Respondent's violations of 18 U.S.C. §§ 3621, 3582 and 42 U.S.C. § 17541. (*Id.* ¶ 2.1) Myrland alleges Respondent violated 42 U.S.C. § 17541 by failing to offer or notify him of an incentive program that offers an extended RRC placement. (*Id.* ¶¶ 1.3, 3.13-4.3, 8.4.) Myrland also alleges that Respondent wasted time and resources because Respondent did not conform to stylistic rules in response to the habeas petition. (*Id.* ¶¶ 1.1, 1.4.)

Respondent denied Myrland's claims of abuse of discretion in determining RRC placement; denied lying about informing Petitioner of his RRC placement determination in July 2012; denied lying about not receiving Petitioner's request for a sentence reduction; denied granting greater RRC placement to others with greater financial resources; and denied misleading the court and wasting resources. (Resp. of Resp. to Pet'rs Mot. to Strike ("Resp. to Mot. to Strike")) at 1 [Doc. No. 21.] Respondent also submitted additional background facts supported by declarations and exhibits. [Doc. Nos. 22-24.] Myrland then replied to the response. (Pl's Reply to Defs' Opp. to Mot. to Strike) ("Reply to Opp. to Strike") [Doc. Nos. 26, 27.]

Having reviewed all materials related to the Motion to Strike, the Court finds no basis to grant the motion. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (striking a pleading is an extreme measure and is disfavored). Myrland has merely set out his legal and factual disputes with Respondent, none of which compels the Court to strike anything in the response. The Court will treat the Motion to Strike,

and the materials in support and opposition to the motion, as additional briefing to the habeas petition and the response.

### D.     Motion for Partial Summary Judgment

On April 1, 2013, Myrland filed a Motion for Partial Summary Judgment on all claims but his equal protection claim. (Pl's Mot. for Partial Summ. J., ¶ 5) [Doc. No. 29.] Myrland seeks summary judgment on the basis that Respondent, in making his RRC placement decision, failed to consider the nature and circumstances of his offense and his history and characteristics. (*Id.*) He also seeks summary judgment on the basis that Respondent never considered his request for a motion for early release. (*Id.* ¶¶ 19-22.) Respondent contends Myrland is not entitled to judgment as a matter of law, and that some of his allegations were also contained in another habeas action, Civil Case No. 12-644, which was summarily dismissed. (Resp't Resp. to Pet'r Mot for Partial Summ. J.) at 1) [Doc. No. 32.] In reply, Myrland asserts that while some of the facts are the same, his habeas actions are distinct. (Pl's Reply to Defs' Opp. to Mot. for Summ. J., ¶¶ 5, 6.) [Doc. No. 33.] Here, he seeks a greater amount of time in an RRC, and for the Warden to petition the sentencing court for a sentence reduction. (*Id.* ¶¶ 3, 4.) In Civil Case No. 12-644, he seeks a declaration that the prosecution violated his Fifth Amendment right to due process. (*Id.* ¶ 5.)

### E.     RRC Placement Determination

#### 1.     Legal and Regulatory Framework

The Second Chance Act of 2007, Public Law No. 110-199, 122 Stat. 657, effective April 9, 2008, amended 18 U.S.C. § 3624(c) Prerelease Custody, to provide, in relevant part:

7

(1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

. . .

(4) No limitations.-- Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

. . .

(6) Issuance of Regulations.--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the BOP is--

(A) conducted in a manner consistent with section 3621(b) of this title;

(B) determined on an individual basis; and

(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3621(b) authorizes the BOP to designate the prisoner's place of imprisonment after considering the following factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . .

The BOP issued a memorandum on April 14, 2008, advising staff that RRC needs of inmates can usually be accommodated by placements of six months or less. *Miller v. Whitehead*, 527 F.3d 752, 757 n. 4 (8th Cir. 2008). The BOP issued another memorandum on November 14, 2008, stating "RRC Placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement." *See Hewitt v. Jett*, No. 09-1676, 2010 WL 1417654, at *3 (D. Minn. Mar. 15, 2010) (Report and Recommendation), 2010 WL 1416890 (D. Minn. April 6, 2010) (Order adopting Report and Recommendation). On June 24, 2010, the BOP issued a memorandum advising staff that RRC resources are limited and must be focused on inmates at a higher risk of recidivism, and approval by the Regional Director is no longer required for RRC placements longer than six months. *See LeMaster v. Hollingsworth*, No. Civ. 11-4019, 2011 WL 3322227, at *3 (D.S.D. Aug. 2, 2011).

### 2.  Analysis

Respondent asserts Kensy considered the five factors outlined in 18 U.S.C. § 3621(b):  1) Myrland's needs and the resources of the facility; 2) the nature and circumstances of Myrland's offense; 3) statements made by the sentencing court recommending treatment in the Residential Drug Abuse Program ("RDAP"), Myrland's completion of a drug education program (12-15 hours), and his decision not to take part in RDAP (500 hours); 4) Myrland's sentence, and policy statements by the Sentencing Commission; and 5) Myrland's individual history and characteristics.  (Kensy Decl., Attach. A.)

Myrland claims Respondent did not consider the nature of the circumstances of the offense and his history and characteristics. (Mot. to Strike ¶¶ 1.3, 5.2, 5.3, 6.1-6.17.) He submitted documentation intended to show that, although he pled guilty, he was innocent. (Mot. to Strike, Exs. A-J.) He alleges the circumstances of his criminal offense constitute unusual and extraordinary circumstances qualifying him for extended RRC placement. (*Id.* ¶¶ 3.7-3.12, 6.13.) The gist of his argument is that his conviction is based on legal conduct, threatening to give others copies of public records which would entitle them to make a citizens' arrest, and that even if he threatened to make a citizen's arrest, it was not "a threat of unlawful violence." (*Id.* ¶¶ 3.9, 3.11-12.) Myrland relies on "the right to arrest any felon under WA law" citing RCW 9A.16.020. (*Id.* ¶ 5.3(5).) He asserts it was insufficient for Respondent merely to consider the category or type or crime he pled to, without delving deeper into the nature and circumstances of the offense. (*Id.* ¶¶ 6.6, 6.11.) Myrland also alleges Respondent did not properly consider the "history and characteristics of the offender" because Respondent did not recognize that he has no job, no resources, no established job prospects, no housing, no family support or transportation, and further that he has lost contact with business associates. (*Id.* ¶¶ 3.2, 5.3(6)).

Respondent replied to these additional allegations. Kensy was Myrland's case manager at FCI-Sandstone from February 2012 to August 2012. (Second Declaration of Heather Kensy ("Kensy Decl. 2") ¶ 3) [Doc. No. 22.] She conducted a review of Myrland's RRC eligibility on July 16, 2012. (*Id.* ¶ 5, Attach. B, Review for Residential Reentry Center.) One of the factors Kensy considered was a statement by Myrland's landlord in Myrland's Presentence Investigation Report ("PSI") that Myrland would be

welcome to return upon his release. (*Id.* ¶ 7, Attach. B.) Kensey also considered that Myrland had experience as a paralegal, although he intended to work at a temporary service agency after his release. (*Id.*) Kensy reviewed Myrland's telephone and email records and determined he had a strong support system in the community, with no indication that the support system would cease upon his release. (*Id.*) Kensy considered the nature of Myrland's offense, including information in the Pre-Sentence Investigation Report indicating that he sent electronic messages of a threatening nature to the mayor and employees of the City of Kirkland, Washington. (Kensy Decl. I ¶ 5.) She considered his history and characteristics as an offender, particularly that he did not complete classes in education, recreation or the judicially recommended RDAP, but had no disciplinary records, and his criminal history score was zero. (Kensy Decl. 2 ¶ 6.) Kensy reviewed the sentencing court's recommendation for RDAP, and the fact that Myrland's sentence was within the guidelines of 37-46 months. (*Id.*, Attach. B.)

The BOP is required to consider an inmate's request for RRC placement in good faith but is not required to conduct a detailed RRC placement analysis. *Miller,* 527 F.3d at 758. "The BOP retains broad discretion under 18 U.S.C. § 3621(b), and courts review the BOP's decisions for abuse of its 'substantial discretion.'" *Lewis v. Outlaw*, No. 2:09CV00176 BD, 2010 WL 1198179, at *3 (E.D. Ark. Mar. 23, 2010) (citing *Fegans v. United States*, 506 F.3d 1101, 1102-1105 (8th Cir. 2007)).

The court finds the BOP acted in good faith by looking to the crime of which Myrland was convicted, and the information in the PSI regarding the circumstances of the crime. The BOP is not required to conduct a detailed review, and reviewing a prisoner's contention of his innocence would pose a great burden on BOP resources.

There are other avenues for a petitioner to seek release from custody based on evidence of actual innocence. Moreover, after reviewing Myrland's voluminous submissions, the court finds nothing so extraordinary about the nature and circumstances of the crime that the BOP abused its discretion by failing to delve deeper into the circumstances.

Although Myrland disagrees with the BOP's analysis of his history and characteristics, asserting he has not secured employment, has few resources, and little support in the community, the Court does not find the BOP abused its discretion in considering the fact that Myrland has useful employment skills, a landlord who would welcome him back, and that his telephone and email records indicate he has support in the community. No doubt reentry is difficult, but the BOP has to balance many factors, not the least of which is limited resources, and is given broad discretion in deciding the length of RRC placement. The Kensy Declarations indicate that each of the five factors under Section 3621(b) was considered in good faith. In sum, Myrland has not established that the BOP failed to consider the five factors under Section 3621(b) or that the BOP abused its substantial discretion when making the RRC placement determination.

Myrland also alleges the BOP's policy requiring "unusual or extraordinary circumstances" for RRC placements of more than six months is treated as an additional factor considered under 18 U.S.C. § 3621, and as such it constitutes an abuse of discretion and contradicts congressional intent. (Mot. to Strike ¶¶ 3.3-3.6, 6.17.) The Eighth Circuit rejected this contention in *Miller*, 527 F.3d at 757-58; *see also Stanko v. Rios*, Civ. No. 08-4991 (JNE/JJG), 2009 WL 1303969, at *5 (D. Minn. May 8, 2009)

(extraordinary justification is not a factor, it is a guideline the BOP uses in exercising its discretion). The claim should be denied.

## F. Equal Protection Claim

### 1. Legal Framework

The Equal Protection Clause provides that "all persons similarly situated should be treated alike." *Rem v. U.S. Bureau of Prisons*, 320 F.3d 791, 795 (8th Cir. 2003) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). The guarantee of equal protection is not a substantive right but "a right to be free from invidious discrimination in statutory classifications, and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980). Unless the alleged violation involves a constitutionally protected substantive right or is predicated on a constitutionally suspect classification, the alleged discrimination need only be rationally related to a legitimate governmental objective. *Id.* at 322-24.

Maximum RRC placement is not an enforceable legal right. *Brown v. Rios*, Civ. No. 08-5752 (JRT/RLE), 2009 WL 5030768, at *8 (D. Minn. Dec. 14, 2009). Indigent persons and/or inmates are not suspect classes. *Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001) (per curiam). Therefore, Myrland must show that similarly situated inmates were treated differently; the difference in treatment bears no rational relation to a legitimate penological interest; and the discrimination was intentional. *Williams v. Norris*, 277 Fed.Appx. 647, 650 (8th Cir. 2008) (per curiam) (citing *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003)); *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The similarly situated inquiry focuses on whether the plaintiffs are similarly situated to another group for purposes of the challenged governmental action." *Klinger*,

31 F.3d at 731 (citing *More v. Farrier*, 984 F.2d 269, 271 (8th Cir.), cert. denied, 510 U.S. 819 (1993)).

### 2. Analysis

Myrland alleges Respondent violated his equal protection rights by granting longer RRC placements to others with greater resources. (Motion to Strike ¶¶ 1.2, 2.2, 7.1-7.7.) Citing cases from the Middle District of Pennsylvania,[2] Myrland alleges prisoners Krueger and Polishan had secured residency for their reentry, they were not indigent, and they were granted greater RRC placements than Myrland. (*Id.* ¶¶ 7.1-7.6.) Myrland asserts his equal protection claims are directed at all of the factors under § 3621. (Reply to Opp. to Strike ¶ 4.)

The analysis the BOP undertakes in making RRC placement determinations takes into consideration many variables. Myrland's situation also contained many variables that were considered. He was not similarly situated to Krueger or Polishan because their crimes, sentences, and individual histories and characteristics were different. *See supra* n. 2. The variables in Myrland's situation do not support that he was similarly situated to another inmate with respect to RRC placement decisions. Therefore, Myrland has not stated a viable equal protection claim.

## G. Compassionate Release Program

### 1. Statutory Framework

18 U.S.C. § 3582(c)(1)(A)(i)[3] provides:

---

[2] *Krueger v. Martinez*, 665 F.Supp.2d 477, 479 (M.D. Pa. 2009) (as amended on reconsideration); *Polishan v. Hubbard*, Civ. No. 1:10-CV-1893, 2011 WL 43457 (M.D. Pa. Jan. 6, 2011).
[3] 18 U.S.C. § 3582(c)(1)(A) is also known as the "compassionate release" provision. *Crawford v. Woodring*, No. CV 08-362-GW, 2009 WL 6575082, at *5 (C.D. Cal. Dec. 11,

(c) Modification of an imposed term of imprisonment.- - The court may not modify a term of imprisonment once it has been imposed except that - -

(1) in any case- -

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment). After considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that - -

(i) extraordinary and compelling reasons warrant such a reduction. . .

### 2. Analysis

The parties dispute whether Myrland submitted the proper request to Warden Fisher for early release under 18 U.S.C. § 3582. Myrland filed a copy of his request, and it appears to be date-stamped by the Warden's office. (Mot. to Strike, Ex. B.) Myrland contends his request was ignored, and his actual innocence is a compelling and extraordinary reason to grant him relief. (Reply to Opp. to Mot. to Strike ¶¶ 10, 12.) Respondent denied receiving the request but admits there could have been a mix-up. (Resp. to Mot. to Strike at 16) [Doc. No. 21.]

But even if Myrland had made the proper request to the Warden, the Eighth Circuit has not determined whether jurisdiction exists over a claim that the BOP failed to exercise its discretion to move the sentencing court, on behalf of an inmate, for a sentence reduction. *See Gutierrez v. Anderson*, Civil No. 06-1714 (JRT/JSM), 2006 WL 3086892, at *4 (D. Minn. Oct. 30, 2006). Jurisdiction hinges on whether the § 2241 claim is properly characterized as a challenge to the duration of confinement. *Id.* at *1.

---

2009). "…[C]ompassionate release may be based both on medical reasons and nonmedical reasons." *U.S. v. Dresbach*, 806 F.Supp.2d 1039, 1040 (E.D. Mich. 2011).

The Eleventh, Ninth, and Seventh Circuit Courts of Appeal have held that the BOP's decision whether to file a motion for early release under the predecessor to § 3582(c)(1)(A)(i) is not judicially reviewable because Congress gave the BOP absolute discretion to move for an inmate's early release, thus expressing an intent to preclude judicial review. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990); *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 615 (7th Cir. 1987) ("the absence of mandatory language in this provision also immediately suggests the breadth of discretion characteristic of nonreviewable authority.") The Sixth Circuit agreed and further held federal courts lack authority to review a decision by the BOP under § 3582(c)(1)(A). *Crowe v. U.S.*, 430 Fed.Appx. 484, 485 (6th Cir. 2011) (per curiam).

The Eighth Circuit has found jurisdiction for review under § 2241 of an inmate's challenge to the duration of a sentence in a particular facility. *See Gutierrez*, 2006 WL 3086892, at *2 (distinguishing BOP's decisions under §§ 3621, 3624 and 3582 for the availability of judicial review). Unlike the prerelease custody provision of § 3624(c), which provides that the BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months [of a term of imprisonment] . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for . . . reentry . . . into the community," the compassionate release provision does not use mandatory language in giving the BOP authority to act. Rather, the compassionate release provision *permits* the BOP to make a motion to the sentencing court to reduce a term of imprisonment under certain circumstances. *Compare* 18 U.S.C. § 3582(c)(1)(A) *with* 18 U.S.C. § 3624(c)(1). Due to the discretionary nature of the compassionate

release provision, this Court finds it lacks jurisdiction for review under § 2241. *See also Solliday v. Director of Bureau of Prisons*, Civil No. 11-2350 (MJD/JJG), 2012 WL 3839340, at *9 (D. Minn. July 27, 2012) (Report and Recommendation holding inmate's challenge to BOP's decision "not to approve her request for a compassionate release" is not judicially reviewable under the Administrative Procedures Act), 2012 WL 3835853 (D. Minn. Sept. 4, 2012) (adopting Report and Recommendation).

### H. The Federal Prisoner Reentry Initiative

#### 1. Statutory Framework

The Second Chance Act also created the "Federal prisoner reentry initiative,"[4] which provides in relevant part:

> (a) In general
>
> The Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal Prisoner reentry initiative:
>
> > (1) The establishment of a Federal prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community, including, at a minimum, that the Bureau of Prisons--
> >
> > . . .
> >
> > > **(G)** provide incentives for prisoner participation in skills development programs.
> >
> > **(2)** Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include--
> >
> > > **(A)** the maximum allowable period in a community confinement facility; and

---

[4] Pub. Law No. 110-199, § 231, 122 Stat. 657, 683-85.

> **(B)** such other incentives as the Director considers appropriate (not including a reduction of the term of imprisonment.)

42 U.S.C. § 17541(a).

### 2. Analysis

Myrland alleges that because the Respondent has no incentive plan or does not make it known to the inmates, he is on unequal standing with "inmates similarly situated at BOP facilities where requisite incentive programs are offered." (Mot. to Strike, ¶¶ 3.13-14.) Referring to *Polishan v. Hubbard*,[5] Myrland asserts "Polishan received review and relief directly relative to this but Plaintiff is entirely barred due to unequal treatment and protection." (*Id.* ¶¶ 4.2, 7.3.) Myrland completed a Drug Education Program. (Mot. to Strike ¶ 4.1.) Respondent contends Myrland did not engage in skills development programs and was not entitled to an incentive. (Resp. to Mot. to Strike at 13.) Furthermore, the incentive of spending greater time in an RRC is at the discretion of the BOP. (*Id.* at 12.)

This Court finds no basis in the record establishing that the drug education program Myrland participated in is entitled to an incentive under 42 U.S.C. § 17541. The statute does not require that any particular program is entitled to an incentive, nor does the statute require a particular incentive. *See Vasquez v. Strada*, 684 F.3d 431, 434-35 (3rd Cir. 2012) ("the statute [42 U.S.C. § 17541] does not require that any particular incentive be established.") Because the statute does not require particular programs be offered or particular incentives be offered, Myrland is not similarly situated

---

[5] Civ. Action No. 1:10-CV-1893, 2011 WL 43457 (M.D. Pa. Jan. 6, 2011).

to prisoners who were provided extended RRC as an incentive for participation in a particular program(s).  *See Klinger*, 31 F.3d at 732 ("as between any two prisons, there will always be stark differences in programming" and inmates at different prisons were not similarly situated "for purposes of prison programs and services.")  Thus, the BOP did not abuse its discretion or violate the Equal Protection Clause by failing to provide Myrland an incentive of a longer RRC placement.

## I.     Evidentiary Hearing

The Court can resolve all claims on the basis of the record because none of the factual disputes bear on the outcome of any claim.  Thus, an evidentiary hearing is unnecessary.  *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir. 1984).

## III.    RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The United States be dismissed as a respondent;

2. Myrland's Motion to Strike be denied [Doc. No. 13];

3. Myrland's Motion for Partial Summary Judgment be denied [Doc. No. 29];

4. The habeas petition be denied, and the case be dismissed with prejudice; and

5. If the District Court adopts this Report and Recommendation, that judgment be entered.

Dated this    29th    day of July, 2013.

                                              *s/ Tony N. Leung*

                                              TONY N. LEUNG
                                              United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **August 16, 2013**. A party may respond to the objections within 14 days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.